IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TRAVIS A. FERESTAD #2158622 | § | |
| | § | |
| V. | § | A-17-CV-0719-LY |
| | § | |
| TC.C.C. OFFICER STAFF/MEDICAL | § | |
| STAFF, et al. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas. Plaintiff is pro se and was granted leave to proceed *in forma pauperis*. Before the Court are Plaintiff's Complaint (Docket Entry "DE" 1), and more definite statement (DE 9).

**STATEMENT OF THE CASE**

Travis A. Ferestad brings this section 1983 complaint based on events occurring during his pretrial detention at the Travis County Correctional Complex ("TCCC"). Named as defendants are "TCCC Officer Staff/Medical Staff," M. Segura-Lopez, J. Calvert, Sgt. Campbell, Sgt. FNU [First Name Unknown] Town, TCCC Officer Redfearn, Captain FNU Gottner, and "Unknown" Medical Staff, which he identifies in his more definite statement as Medical Director Kathryn Geiger. Ferestad asserts he was attacked in the recreation yard of the Travis County Correctional Complex on June 10, 2017. He contends Defendants did not provide a safe and secure environment in the recreation yard because the security cameras were not working, which resulted in the attack;

Defendants denied him emergency medical treatment after the attack; and Defendants denied him the opportunity to file criminal charges against his attackers. Ferestad was disciplined for his pxarticipation in the fight, and he further alleges his appeal of the disciplinary proceeding was improperly denied. He seeks monetary compensation for pain and suffering, and "all medical expenses."

Ferestad was ordered to file a more definite statement. (DE 5). In his more definite statement, Ferestad avers Defendant Redfearn falsely stated during the disciplinary proceeding that he participated in the fight. (DE 9). He alleges Defendant Segura-Lopez, Defendant Calvert, and Defendant Campbell found him guilty of participating in the fight, although there was no video evidence to corroborate Defendant Redfearn's allegation. Ferestad asserts Defendant Town improperly denied the appeal of his disciplinary proceedings despite his claim that he "never threw a punch." Ferestad alleges Defendant Gottner violated his right to a timely resolution of his grievance of his disciplinary proceeding. Ferestad further alleges that, as a result of the failure to adequately treat his injuries resulting from the fight, and the two-week delay in providing him with x-rays, he has experienced mental anguish, stress, blurred vision, severe headaches, and permanent disfigurement. With regard to the identities of the "medical staff" against whom Ferestad asserts claims for failure to provide adequate and timely medical care, he names Kathryn Geiger, the "Director," as the only medical care provider whose identity he is able to ascertain.

## DISCUSSION AND ANALYSIS

A.  **Review under 28 U.S.C. § 1915A**

Ferestad's claims must be screened pursuant to 28 U.S.C. § 1915A. Under § 1915A, if a complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks

monetary relief from a defendant who is immune from such relief, the Court must dismiss the complaint, or any portion of the complaint. *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998). When reviewing the complaint under § 1915A, a court must construe the allegations liberally. *Haines v. Kerner*, 404 U.S. 519 (1972). However, a plaintiff's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

**B.     Failure to protect**

Pretrial detainees are protected from harm by virtue of the Due Process clause of the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Prison officials have a duty to protect inmates from harm or violence by other inmates and to take reasonable measures to protect their safety. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994); *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 650 (5th Cir. 1996). However, prison officials are not expected to prevent all inmate-on-inmate violence. *Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003). To prove a violation of constitutional rights in connection with a single episode, such as is presented here, a detainee must establish that prison officials acted with deliberate indifference. *Scott v. Moore*, 114 F.3d 51, 54 (5th Cir. 1997); *Hare*, 74 F.3d at 649. Deliberate indifference is more than mere negligence. *Farmer*, 511 U.S. at 835. To establish deliberate indifference, a detainee must prove objectively that he was exposed to a substantial risk of serious harm. *Id.* at 834. Additionally, he must show that the defendant acted or failed to act with deliberate indifference to that risk. *Id.* The deliberate indifference standard is a subjective inquiry; the plaintiff must establish that the defendant was actually aware of the risk, yet consciously disregarded it. *Id.* at 837, 839. A detainee can make

3

a prima facie case of deliberate indifference by showing "that a substantial risk of [serious harm] was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the [official] sued had been exposed to information concerning the risk and thus must have known about it." *Id.* at 842. Further, knowledge may be inferred if the risk was obvious. *Id.* at 838-42; *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006).

Ferestad does not allege that any individual defendant knew that the surveillance cameras on the recreation yard were not functioning prior to the alleged attack, nor does he allege that the lack of a functioning camera had led to an increase in fighting in the yard. He also does not assert that, prior to the attack on June 10, 2017, any other detainee was attacked in the yard such that the individual defendants knew or should have known that the inoperable cameras were failing to provide an element of safety to detainees. Accordingly, Ferestad has failed to state a claim of deliberate indifference against any named defendant.

### C. Medical care

Like a convicted person, a pretrial detainee must be provided basic medical treatment by those who are responsible for his custody. *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010), *citing Hare*, 74 F.3d at 650. As noted above, to succeed in a § 1983 action based on "episodic acts or omissions" a pretrial detainee must show subjective deliberate indifference. *Farmer*, 511 U.S. at 837; *see also, Alderson v. Concordia Parish Corr. Facility*, 848 F.3d 415, 420 (5th Cir. 2017); *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 755 (5th Cir. 2001). "Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference." *Alton v. Texas A & M Univ.*, 168 F.3d 196, 201 (5th Cir. 1999).

4

Deliberate indifference "exists wholly independent of an optimal standard of care." *Gobert v. Caldwell*, 463 F.3d 339, 349 (5th Cir. 2006). It "is an extremely high standard[ ]" and requires that a plaintiff "show that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino*, 239 F.3d at 756 (internal quotation marks and citation omitted). Even unsuccessful medical treatment, negligence, or medical malpractice is not enough to give rise to such a claim. *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999). Ferestad's pleadings fall short of alleging facts sufficient to establish deliberate indifference on the part of any of the named defendants. He does not assert that any named defendant denied him treatment or intentionally treated him incorrectly. To the extent that Ferestad alleges negligence or even malpractice on the part of unknown or unidentified defendants with regard to his medical care, he still fails to state a claim because medical malpractice is not equivalent to deliberate indifference. *Farmer*, 511 U.S. at 835.

**D.     Disciplinary proceedings**

After the recreation yard altercation, Ferestad states that he was "found 'guilty' by [a] disciplinary board hearing officer based on [Defendant] Redfearn's written report." (DE 1 at 5). As a result of being found in violation of a jail rule against fighting, Ferestad was placed in "lock-down" for five days. (DE 1 at 4; DE 9 at 2). Ferestad appealed the disciplinary board's decision through the TCCC grievance procedure, but the appeal was denied.

The Due Process Clause of the Fourteenth Amendment prohibits "punishment" of a pretrial detainee prior to an adjudication of guilt. *Bell*, 441 U.S. at 535-36. However, pretrial detainees are not immune from disciplinary actions. *Grabowski v. Jackson Cty. Pub. Defenders Office*, 47 F.3d

5

1386, 1392 (5th Cir. 1995). Pretrial detainees are entitled to due process at disciplinary hearings as convicted parties are. In *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974), the Supreme Court held that a pretrial detainee who is placed in solitary confinement pursuant to disciplinary proceedings may be entitled to more extensive due process protections than a person who has been convicted of a crime. These protections include having the right to receive written notice of the charges against him at least twenty-four hours before the hearing, a written statement of the evidence relied on, reasons for the disciplinary action being taken, and the opportunity to present witnesses and documentary evidence. *Id.* at 563-66.

Ferestad has submitted evidence that he was provided with advance written notice of the disciplinary hearing, that he was allowed the opportunity to call witnesses, and that he was provided with a written statement by the factfinder of the evidence relied upon and reasons for the disciplinary action taken. (DE 8). There was evidence in the record—Defendant Redfearn's report—to substantiate the finding that Ferestad had engaged in a fight in the recreation yard. Accordingly, Ferestad has not stated a claim that his right to due process was violated by the disciplinary proceedings. To the extent Ferestad alleges that the denial of his appeal violated his constitutional rights, this claim fails because Plaintiff does not have a constitutional right to have his grievances resolved favorably. *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005). To the extent Ferestad alleges Redfearn violated his due process rights by asserting incorrectly that Ferestad participated in the fight, the claim also fails, because an inmate's allegation that a prison official asserted false disciplinary charges against him fails to state a claim under § 1983 when the prisoner is afforded due process protection through a subsequent hearing. *Harris v. Smith*, 482 F. App'x 929, 930 (5th Cir. 2012), *citing Collins v. King*, 743 F.2d 248, 253-54 (5th Cir. 1984).

### E. Denial of "right" to file criminal charges

Ferestad asserts he was denied his right to file criminal charges against the other detainees involved in the altercation in the recreation yard. This fails to state a § 1983 claim because there is no constitutional right to have a person criminally prosecuted. *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). Ferestad alleges this supposed right was conferred by the Inmate Handbook, however, the mere failure of authorities to follow their own rules and regulations does not, without more, give rise to a constitutional violation. *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996).

### F. Supervisory liability

Ferestad does not allege Director Kathryn Geiger personally denied him timely and adequate medical treatment, but instead infers she would be liable because of her supervisory position. But supervisory officials cannot be held vicariously liable under § 1983 solely on the basis of their position. *Monell v. Department of Soc. Serv.*, 436 U.S. 658, 693 (1978); *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). Under § 1983, officials are not vicariously liable for the conduct of those under their supervision. *Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992). If a supervisor is not personally involved in the alleged constitutional deprivation, they may be held liable only if there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violations. *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987). Ferestad alleges no such causal connection and, accordingly, he fails to allege a valid constitutional claim against Director Geiger.

### RECOMMENDATION

It is therefore **RECOMMENDED** that Ferestad's complaint be dismissed with prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e).

It is further **RECOMMENDED** that Ferestad be warned that if he files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the keeper of the three-strikes list.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc); *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-277 (5th Cir. 1988).

SIGNED this 8th day of December, 2017.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE